## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

SEAN T. M.[1],

        Plaintiff,

           v.

COMMISSIONER OF SOCIAL
    SECURITY,

        Defendant.

CASE NO. 2:19-CV-472-MGG

### OPINION AND ORDER

Pending before the Court is Defendant Commissioner of Social Security's ("the Commissioner's") Motion to Dismiss filed on June 5, 2020. The Commissioner invokes Fed. R. Civ. P. 12(b)(1)[2] and argues that dismissal is proper because Plaintiff, Sean T. M. ("Mr. M"), proceeding *pro se*, has not exhausted his administrative remedies leaving this Court without subject matter jurisdiction. This Court may enter a ruling in this matter based on parties' consent pursuant to 28 U.S.C. § 636(c)(1); 42 U.S.C. § 405(g). [DE 9].

"A party must file any response brief to a motion under Fed. R. Civ. P. 12(b) . . . within 21 days after the motion is served unless that party is entitled to and first files an amended pleading as a matter of course under Fed. R. Civ. P. 15(a)(1)." N.D. Ind. L.R. 7-1(d)(2). Failure to file a response within the time prescribed may subject the motion to

---

[1] To protect privacy interests, and consistent with the recommendation of the Judicial Conference, the Court refers to the plaintiff by first name, middle initial, and last initial only.

[2] The Court assumes that the Commissioner's reference to Fed. R. Civ. P. 12(c)(1) in his motion to dismiss is an inadvertent typographical error because he develops arguments in support of Fed. R. Civ. P. 12(b)(1) in his accompanying memorandum of law in support. [*Compare* DE 12, *with* DE 13].

summary ruling. N.D. Ind. L.R. 7-1(d)(5). As of this date, Mr. M has neither responded to the Commissioner's motion nor provided any explanation for the inaction. Consequently, this Court can only assume that the Commissioner's motion is unopposed.

Additionally, the Court lacks subject matter jurisdiction over Mr. M's complaint because he failed to exhaust his administrative remedies related to his Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI") claims. The Commissioner supports this conclusion with an affidavit from Dexter Potts, Acting Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Social Security Administration, who avers that Mr. M did not appear for a hearing before an ALJ scheduled for May 8, 2020, regarding his DIB and SSI claims. [DE 12-1]. As a result, Mr. M has not completed the four-step administrative review process necessary to obtain a judicially reviewable final decision of the Commissioner. *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.900(a), 416.1400(a). Therefore, Mr. M filed his complaint in this case on December 10, 2019, without having exhausted his administrative remedies as required to establish subject matter jurisdiction to review the final decision of the Commissioner. *See Washginton v. Comm'r of Soc. Sec.*, Civil No. 1:09cv262, 2010 WL 404433, at *3 (N.D. Ind. Jan. 26, 2010) (citing *Heckler v. Ringer*, 466 U.S. 602, 618–19 (1984)).

Lacking subject matter jurisdiction, the Court **GRANTS** the Commissioner's Motion to Dismiss. [DE 13].

**SO ORDERED** this 8th day of July 2020.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge